UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LENNY CECERE,                                        CASE NO.:  0:26-cv-60903-EA

      Plaintiff,

vs.

FORD MOTOR CREDIT COMPANY, LLC.

      Defendant.

_____/

**DEFENDANT, FORD MOTOR CREDIT COMPANY LLC'S REPLY
TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PETITION
TO CONFIRM ARBITRATION AWARD FOR LACK OF SUBJECT MATTER
JURISDICTION AND IN THE ALTERNATIVE MOTION TO VACATE
<u>ARBITRATION AWARD DUE TO EVIDENT PARTIALITY OF ARBITRATOR</u>**

1

Plaintiff's Response is replete with contradictions and seeks to address everything but Arbitrator Ferrer's removal for a conflict of interest, which justifies vacatur of the Final Award under relevant caselaw. For the following reasons, this Court should vacate the Final Award.

### I. PLAINTIFF HAS FAILED TO DEMONSTRATE DIVERSITY JURISDICTION ON THE FACE OF THE PETITION TO CONFIRM.

First, as a threshold issue,[1] Plaintiff fails to address the core holding of the *Eastman* Case. In *Eastman*, the District Court applied Eleventh Circuit caselaw and held that the diversity jurisdiction threshold of $75,000 was not met even where the arbitration award sought to be confirmed was $216,597.75. *See Eastman v. Morgan Stanley Smith Barney, LLC, No. 2:13-CV-357-FTM-38, 2013 WL 5555818,* at *3 (M.D. Fla. Oct. 8, 2013). The Court reasoned that the amount in controversy was not established on the face of the petition because the petition did not reflect a dispute as to the arbitration award. *See Id.* at 4. This case is no different. [2]

Plaintiff has brought a petition to confirm an arbitration award of only $2,046, in actual and statutory damages, which, when combined with a fee award of $73,200, barely exceeds the jurisdictional threshold at $75,246. *See* Petition, ¶ 9. However, the petition does not reflect that the award is contested. This Court is therefore justified in dismissal for lack of jurisdiction.[3]

### II. THE MOTION TO VACATE IS TIMELY UNDER THE FAA.

---

[1] Plaintiff's Response argues that a motion to dismiss with prejudice is not warranted. Ford Credit's Motion did **not** seek dismissal with prejudice. It appears that the docket entry for the motion was erroneously titled as "with prejudice" by the Court's filing system. This has since been resolved on this Court's docket.

[2] While Plaintiff seeks to argue that Motion to Vacate places the Final Award in controversy, this contradicts established caselaw reflecting that the jurisdictional threshold must be established on the face of a petition or complaint and cannot be created by the response of another party. *See Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995) (holding that "the requisite amount in controversy . . . must be established on the face [a] petition."); *Amini v. Enter. Leasing Rent A Car Inc.*, No. CIV 00-514 LCS, 2000 WL 36739418, at *2 (D.N.M. Nov. 15, 2000); *Vacca v. Meetze*, 499 F. Supp. 1089, 1090 (S.D. Ga. 1980).

[3] Doing so would be consistent with the Supreme Court's holding in *Badgerow v. Walters*, that petitions to confirm arbitration awards involve issues of state law and contract and generally should be left state courts. *See Badgerow v. Walters,* 596 U.S. 1, 9, 142 S. Ct. 1310, 1320-22 (2022).

Plaintiff argues that Ford Credit waived the right to contest Arbitrator Ferrer's conflict of interest because it did not interrupt the unfinished arbitration proceeding to challenge the Interim Award in federal court prior to entry of the Final Award. Plaintiff's position defeats the purpose of arbitration by forcing parties to litigate every dispute in court rather than the chosen forum.

    a.  **<u>The Final Award Plainly Incorpates the Interim Award and Brings Finality to the Arbitration.</u>**

Under the FAA, a motion to vacate an arbitration award must be filed within three months after the award is filed or delivered. *See* 9 U.S.C. § 12 (2025). An award is not final unless "the award states it is final, and the arbitrator intended the award to be final." *See Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir.2009); *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999) ("Whether the award indicates that [it] is final and whether the arbitrator intended the award to be final are factors in determining if an arbitration award is final.") (quoting *Local 36, Sheet Metal Workers Int'l Assoc. v. Pevely Sheet Metal Co.*, 951 F.2d 947, 949 (8th Cir.1992)). If evidence shows that the arbitrator or the parties did not believe that an interim award was final, then it was not final. *See Swenson v. Bushman Inv. Properties, Ltd.*, 870 F. Supp. 2d 1049, 1054 (D. Idaho 2012) (holding that an interim award was not final for the purpose of filling a motion to vacate because the arbitrator reserved on the issue of attorney's fees). Here, the context of the Interim Award and the parties' actions demonstrate that the award was not meant to be final.

To begin, the Interim Award clearly contemplated additional action by the parties as the Interim Award reserved on the issue of "***entitlement and amount of attorney's fees and cost***s," and stated that a "Final Award" would only be issued once the parties resolved these matters. *See* Exhibit D, Pg. 4.[4] Given this statement, it was reasonable for Ford Credit to assume that the

---

[4] All exhibits referenced in this Reply are to the exhibits included in Ford Credit's Motion to Vacate.

Interim Award would not be final for the purposes of the FAA until the Final Award was actually issued.

Moreover, it is significant that the arbitrator specifically reserved on the issuance of "entitlement" to fees as entitlement was pled under 15 U.S.C. § 1640 in the Complaint and this was a core issue submitted to arbitration. *See* Plaintiff's Complaint, ¶ 52. Entitlement to attorney's fees and costs under 15 U.S.C. § 1640(3) of the CLA is dependent upon the prevailing party in the underlying litigation. **It is contradictory that Plaintiff selectively diminishes attorney's fees as not being a core issue to the CLA dispute when the attorney's fee award is more than 36 times the amount of actual damages.**

For example, in *Ierna v. Arthur Murray Intern., Inc*., 833 F.2d 1472 (11th Cir. 1987), the Eleventh Circuit held that a District Court's order confirming an arbitration award that resolved all issues except for entitlement to attorney's fees was not a final and appealable order because the underlying contract provided fees to the "prevailing party in the arbitration." *See Id.* at 1476. This meant that the issue of attorney's fees was "integral to the merits" of the arbitration, such that the order was not final until that issue was resolved. *See Id.* at 1476. This case is similar. Plaintiff's CLA claim could not be fully resolved if entitlement and amount of fees was outstanding.[5]

Furthermore, Plaintiff's argument that the Interim Award and the Final Award were "two" separate awards is meritless. The Final Award dated March 26, 2026, states that it was made "full settlement of all claims submitted to arbitration" and specifically references and includes the prior amount that was made in the interim award of only $2,000 in statutory damages and $40 in actual

---

[5] Plaintiff cites to the following additional caselaw in footnote 3 of his Response: *In re Rollins, Inc*., 552 F. Supp. 2d 1318, 1325 (M.D. Fla. 2004); *Cont'l Cas. Co. v. Staffing Concepts, Inc*., No. 8:09-CV-02036-T-23AEP, 2011 U.S. Dist. LEXIS 153827, at *15-17 (M.D. Fla. Dec. 20, 2011) (same); *Crawford Grp., Inc. v. Holekamp*, No. 4:06- CV-1274 CAS, 2007 U.S. Dist. LEXIS 19159, at *10-14 (E.D. Mo. Mar. 19, 2007); *Lowell at Camelot, Inc. v. New Home Warranty Ins. Co.,* No. 18-cv- 21155-GAYLES, 2018 U.S. Dist. LEXIS 202457, at *4-6 (S.D. Fla. Nov. 28, 2018)). However, none of these cases involved a situation where the issue of fee entitlement under a prevailing party framework was specifically left for the final award.

damages. *See* Exhibit J, Pg. 7. The amount awarded in the Interim Award was incorporated into the Final Award and amounted to only **2.6% of the total amount of $76,600.95** that was included in the Final Award. By definition, these awards cannot be separate if the Final Award **incorporated the full amount from the Interim Award**. This fact demonstrates that the parties and arbitrators intended for the Interim Award to be just that— "interim"—and intended for the arbitration to be concluded once the Final Award was issued. As discussed further below, Arbitrator La Chuisa incorporated the Interim Award into the Final Award only because she incorrectly believed that she did not have authority to set aside the Interim Award.

Next, Plaintiff claims that "Arbitrator Ferrer did not make [the Final Award]" and that "Arbitrator La Chuisa did." Plaintiff is grasping at straws to try to draw a dispositive distinction where one does not exist. Plaintiff ignores the fact that the Final Award adopts and incorporates the rulings of Arbitrator Ferrer as outlined in the Interim Award. Plaintiff's statement incorrectly implies that Arbitrator La Chuisa was responsible for the entirety of the Final Award. That is simply untrue. Arbitrator La Chuisa could not possibly have awarded attorney's fees if she did not adopt and rely on the Interim Award decided by the conflicted Arbitrator Ferrer.[6] Arbitrator La Chuisa incorporated both the findings of liability and the amount of the Interim Award into the Final Award issued on March 26, 2026.  Thus, Ford Credit's Motion to Vacate is timely.

**b. <u>Ford Credit took all Reasonable Steps to Address Arbitrator Ferrer's Conflict and Evident Partiality within the Framework of the Arbitration.</u>**

Next, Plaintiff's argues that Ford Credit should have challenged the Interim Award sooner. This argument is unreasonable given the many actions that Ford Credit took in arbitration to have Arbitrator Ferrers' conflict of interest and evident partiality addressed.

---

[6] In fact, Ford Credit specifically requested that Arbitrator La Chuisa set aside Arbitrator Ferrer's Interim Award for that very reason—to avoid relying on the ruling of a conflicted arbitrator. Arbitrator La Chuisa acknowledged that Arbitrator Ferrer's nondisclosure was "serious," however she incorrectly believed that she lacked authority to set aside the Interim Award. *See* Order Denying Motion to Set Aside, Attached as Exhibit I.

As previously explained, Arbitrator Ferrer sent a letter bearing his signature to Ford Credit, indicating he was representing Pamela Ward and Kerry Ward in a billing dispute against Ford Credit on May 1, 2025.  *See* Exhibit E.  On May 12, 2025, the letter was forwarded to the Office of the General Counsel at Ford Credit and the attorney handling this arbitration was informed on May 16, 2025.  This was the first time that the conflict of interest was brought to the attention of Ford Credit's attorneys. That same day, Ford Credit immediately notified the AAA of this issue. On May 30, 2025, Ford Credit moved to disqualify Arbitrator Ferrer and to vacate all of his rulings, including the Interim Award. *See* Exhibit G, Pg. 12. **The parties fully briefed this issue, and the AAA removed Arbitrator Ferrer from this case on July 3, 2025.** *See* Exhibit H. Thereafter, the AAA delayed in appointing a new arbitrator. In fact, Plaintiff fails to mention that he found it necessary to send multiple emails to the AAA seeking an update on the AAA's progress of appointing a new arbitrator after the AAA removed Arbitrator Ferrer due to his conflict. Then after Arbitrator La Chuisa was appointed, she directed the parties to submit further briefing regarding her authority to set aside the Interim Award and she did not rule on that matter until January 9, 2026. **These delays cannot reasonably be attributed to Ford Credit.** In her ruling, Arbitrator La Chuisa specifically recognized the seriousness of the allegations concerning Arbitrator Ferrer's partiality; but she ultimately incorrectly believed that that she lacked authority to set aside the Interim Award and held that Ford Credit's remedy "lies in court." *See* Exhibit I, pg. 4.

It is well-established that the purpose of arbitration is to resolve disputes efficiently without resorting to unnecessary litigation. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997). With this factor in mind, it was more than reasonable for Ford Credit to take all efforts to address Arbitrator Ferrer's conflict within the chosen arbitral forum rather than filing a costly petition in federal court to challenge the Interim

Award of only $2,046 before the vast majority of damages were decided in the Final Award. **Had Ford Credit filed a petition to vacate the Interim Award which only awarded $2,046 in damages, Plaintiff would have sought a dismissal for lack of jurisdiction as the amount in controversy was not met.** Clearly, judicial labor in the arbitration case had not ended at the time the Interim Award had been entered. There can be no dispute that the parties were entrenched in briefing following the Interim Award. Thus, seeking vacatur in federal court immediately following the Interim Award (as Plaintiff incorrectly suggests) would have been premature.

Even if this Court disagrees with the abovementioned arguments, the three-month timeframe outlined to challenge a final award under the FAA is subject to equitable tolling in cases of "extraordinary circumstances" that were unavoidable "even with [reasonable] diligence." *NuVasive, Inc. v. Absolute Med., LLC*, 71 F.4th 861, 875–76 (11th Cir. 2023) (quoting *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006)). Once alerted of Arbitrator Ferrer's failure to comply with FAA disclosure obligations, Ford Credit acted diligently to have the conflict remedied in the chosen forum. Due to AAA delays, rulings pertaining to Ferrer's conflict were not issued until months after the Interim Award.  Given these facts, equitable tolling is appropriate.

### III.   ARBITRATOR FERRER'S CONFLICT AND FAILURE TO DISCLOSE CONFLICTING INTERESTS AMOUNTS TO EVIDENT PARTIALITY.

Astonishingly, Plaintiff seeks to rewrite history by arguing that Arbitrator Ferrer was not conflicted and that there is no evidence of partiality. To be clear, this is nothing more than an attempt to distract this Court from the proverbial elephant in the room. The parties already litigated and briefed this exact issue for months in arbitration. If Arbitrator Ferrer did not have a conflict or an appearance of a conflict (as Plaintiff contends), why did the AAA remove him when Ford Credit requested his removal? It's frankly disingenuous for Plaintiff to argue that Arbitrator Ferrer's conflict had nothing to do with his removal.

### a.   <u>Plaintiff Turns a Blind Eye to AAA's Removal of Arbitrator Ferrer.</u>

While Plaintiff attacks Ford Credit for "editorializing the record," the bottom line is that Plaintiff cannot be allowed to play ostrich and stick his head in the sand while he argues that there is no proof that Arbitrator Ferrer had an actual conflict or that he failed to disclose a potential conflict. As the parties already briefed at nauseum, **Arbitrator Ferrer was actively representing consumers against Ford Credit and sending demand letters threatening Ford Credit with legal action, while presiding as an arbitrator in a case where Ford Credit was a party.**

Somehow Plaintiff finds it reasonable to relitigate the issue by asserting that the implicating letter sent by Arbitrator Ferrer on behalf of consumers, Pamela and Kerry Ward, was a mere "inquiry" rather than a legal representation letter.  *See* Plaintiff's Response, Pg. 15.  Yet, the letter itself clearly states that Arbitrator Ferrer is representing his "client[s]" with regard to a billing dispute.  *See* Exhibit "E."  This meets the definition of representation. *See In re Miner, IL Disp. Op*. 2013PR00078, 2017 WL 1944806 (holding that the use of professional letterhead in client communications conveyed the existence of an attorney-client relationship). In fact, Arbitrator Ferrer never disputed representation; instead, Ferrer asserted that his firm's support staff likely affixed his signature on the demand letter without his review. Setting aside the ethical implications of that response,[7] this does not absolve Ferrer of a conflict of interest or the appearance of a conflict—hence why the AAA removed him from the case. *See NuStar Farms, LLC v. Zylstra*, 880 N.W.2d 478, 485 (Iowa 2016) (holding that email sent by attorney demonstrating intent to pursue legal action on behalf of party prior to ending representation of another party demonstrated ongoing adverse relationship and conflict of interest).

---

[7] Florida Rule of Professional Responsibility 4-5.3 requires that an attorney is responsible for work product created in their name by non-attorney staff. *See In re Wilkinson*, 805 So. 2d 142, 147(La. 2002) (holding that attorney-client relationship existed where letter was sent on attorney's behalf by support staff).

The caselaw cited by Plaintiff also fails to address the fact that Arbitrator Ferrer had an ongoing conflict of interest, **which he failed to disclose**. For example, in *Lozano v. Maryland Cas. Co.*, 850 F.2d 1470, 1472 (11th Cir. 1988), the Eleventh Circuit held that an arbitrator's failure to disclose his law firm's representation of adverse clients did not constitute evident partiality because there was no evidence that the arbitrator was aware that **his law firm** was involved in the adverse representation or that his firm's representation was ongoing at the time of the arbitration. However, the Eleventh Circuit contrasted *Lozano* with a prior case *Cont'l Ins. Co. v. Williams*, where the evident partiality standard was met where **the arbitrator himself was representing a client against a party to arbitration during the course of the arbitral proceeding**s. *See Cont'l Ins. Co. v. Williams* No. 84-2646-CIV-MARCUS, 1986 WL 20915, at *5 (S.D. Fla. Sept. 17, 1986), aff'd, 832 F.2d 1265 (11th Cir. 1987). This case is analogous to *Williams*. Arbitrator Ferrer's representation of Pamela and Kerry Ward was an ongoing conflict of interest which amounts to evident partiality. *See International Ins. Co. v. Schrager*, 593 So. 2d 1196, 1197 (Fla. 4th DCA 1992) (removal of arbitrator required where engaged in claim against party to proceeding); *Sun Ref. & Mktg. Co. v. Statheros Shipping Corp. of Monrovia, Liberia*, 761 F. Supp. 293, 301 (S.D.N.Y.) (finding evident partiality and vacating arbitration award where arbitrator represented adverse party in separate ongoing arbitration), aff'd sub nom. *Sun Ref. v. Statheros Shipping*, 948 F.2d 1277 (2d Cir. 1991).

To be sure, Federal courts have consistently found evident partiality in cases less egregious than this one where an arbitrator merely failed to disclose performing work for **a party years in the past**. *See Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145 (1968) (vacating arbitration award where neutral arbitrator had failed to disclose that he had previously performed consulting work for contractor party); *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501

9

F.3d 1101, 1108 (9th Cir. 2007) (vacating award due to failure to disclose prior business interest); *Schmitz v. Zilveti*, 20 F.3d 1043 (9th Cir. 1994) (vacating arbitration where arbitrator's law firm previously represented parent company of party in arbitration); *Equicare Health Inc. v. Varian Med. Sys., Inc*, No. 5:21-mc-80183-EJD, 2023 U.S. Dist. LEXIS 74818, at *12-13 (N.D. Cal. Apr. 19, 2023) (granting motion for vacatur due to prior arbitrator representation). Arbitrator Ferrer's representation of adverse clients **during the time that he issued the Interim Award against Ford Credit** more than meets this standard.

Finally, starting on page 17 of the Response, Plaintiff argues that Ford Credit failed to conclusively demonstrate that Arbitrator Ferrer's bias impacted the outcome of the arbitration. Surely this Court can see that Plaintiff is merely seeking to have the parties relitigate the merits of the arbitration before this Court. The evident partiality standard requires the vacatur of an award where "either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *Gianelli Money Purchase Plan & Tr. v. ADM Inv'r Servs.*, 146 F.3d 1309, 1312-13 (11th Cir. 1998).   Both of these factors are met here, and neither require Ford Credit to show that the conflict impacted the outcome of the arbitration. This Court should vacate the award and remand for further proceedings with the arbitration panel.

    b.  **Plaintiff's Claim of Waiver due to Constructive Notice is Meritless.**

Finally, Plaintiff briefly asserts that Ford Credit waived the issue of Arbitrator Ferrer's conflict, by claiming that Ford Credit had constructive notice of the conflict on April 2, 2025, and opted not to challenge Arbitrator Ferrer until after the Interim Award. *See* Response, Pg. 13.  This argument is nothing more than a distraction. Plaintiff already raised this argument when it valiantly opposed Arbitrator Ferrer's removal from the arbitration suit. The AAA obviously did not find it

10

persuasive as it ultimately removed Ferrer from the arbitration following said briefing. Moreover, Plaintiff relies upon Arbitrator Ferrer's assertions made in the May 21, 2025, letter to the AAA. *See* Exhibit F. In doing so, Plaintiff ignores Ford Credit's numerous representations of when it came to learn of the conflict. *See* Exhibit "E." It would be unreasonable to hold that a large corporation has constructive knowledge of every correspondence sent to it even in unrelated matters. *See United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 848 F.3d 366, 374 (5th Cir. 2017) (whether knowledge of employee can be imputed to corporation is fact-intensive inquiry which requires examining title and duties of employee).[8] This Court cannot rely on speculation.

### CONCLUSION

Arbitrator Ferrer's conflict and appearance of impartiality cannot reasonably be up for debate. Ferrer failed to disclose that he was actively representing clients in consumer disputes against Ford Credit—a litigant in an active arbitration suit that Ferrer presided over—and issued an interim award adverse to Ford Credit while actively concealing that conflict. The parties briefed the existence of a conflict, and the AAA removed Arbitrator Ferrer following the briefing. Arbitrator Ferrer's evident impartiality has more than been established at this point. Ford Credit is simply asking this Court order what Arbitrator La Chuisa felt powerless to order. This Court should vacate the Final Arbitration Award and remand to reconsider all findings with a neutral arbitrator.

Respectfully submitted,

---

[8] Furthermore, the caselaw cited by Plaintiff in support of waiver is inapplicable to the facts of this case. For example, in *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004), the party claiming bias waited until after the interim award was issued to even request disclosure of potential conflicts. In *Power Servs. Assocs. v. UNC Metcalf Servicing, Inc.*, 338 F. Supp. 2d 1375, 1381 (N.D. Ga. 2004), the issue was the arbitrator's failure to disclose a conflict 39 years prior to the arbitration, which distinct from Arbitrator Ferrer's concealment of an ongoing conflict of representation while the Interim Award was being decided. In *Peraton Gov't Communications, Inc. v. Hawaii Pac. Teleport LP*, No. 21-15395, 2022 WL 3543342, at *3 (9th Cir. Aug. 18, 2022), the conflict was simply that an arbitrator had appeared on a AAA Aerospace panel of neutrals. In *Biscayne Beach Club Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, 111 F.4th 1182, 1186 (11th Cir. 2024), a party was held to have waived an objection by waiting more than two months after an appraiser's disclosure of his financial stake. Here, Arbitrator Ferrer concealed the nature of his practice representing clients against Ford Credit, failed to meet his disclosure obligations, and failed to inform Ford Credit of his conflicting representation.

/s/ Andrew K. Faris
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
ANDREW K. FARIS, ESQ.
Florida Bar No. 1018902
MCDONALD TOOLE RICHMAN & CORRENTI,
P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
jkennedy@mtrclegal.com
CecereLvFMCC@mtrclegal.com
*Counsel for Respondent, Ford Motor Credit Company, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and served with the Court using the CM/ECF system on May 12, 2026, to:

Alex D. Kruzyk, Esq., Bryan A. Giribaldo, Esq., Pardell, Kruzyk & Giribaldo, PLLC, 7500 Rialto Blvd., Suite 1-250, Austin, TX 78735, akruzyk@pkglegal.com; bgiribaldo@pkglegal.com; *Counsel for Plaintiff*

Logan A. Pardell, Esq., Pardell, Kruzyk & Giribaldo, PLLC, 433 Plaza Real, Suite 275, Boca Raton, FL 33432, lpardell@pkglegal.com; *Counsel for Plaintiff*

/s/ Andrew K. Faris
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
ANDREW K. FARIS, ESQ.
Florida Bar No. 1018902
MCDONALD TOOLE RICHMAN & CORRENTI,
P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
jkennedy@mtrclegal.com
CecereLvFMCC@mtrclegal.com
*Counsel for Respondent, Ford Motor Credit Company, LLC.*